UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN PATRICK BLAKE,

    Plaintiff,

v.                                              Case No. 05-71932

GRAPHIC PRESS, INC.                 HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,[1]
AND STAYING THE CASE**

**I. Introduction**

This is an employment contract dispute. Plaintiff Kevin Blake (Blake) is suing Graphic Press, Inc. (GPI), claiming (1) a breach of contract and (2) a violation of the Michigan Sales Representatives Commission Act, M.C.L. § 600.2961.

Before the Court is GPI's motion to dismiss, or in the first alternative to transfer venue, or in the second alternative to the stay this case pending the outcome of a case filed by GPI against Blake in California state court. For the following reasons, the motion is GRANTED. This case is STAYED under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) until further order of the Court.

**II. Background[2]**

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] The background is gleaned from the parties' papers.

### A. Factual Background

### 1. Blake's Employment with GPI

GPI is a California corporation and its principal place of business is California. It is engaged in the printing industry. Blake is a Michigan citizen whom GPI employed as a sales representative.

In November 2000, Blake traveled to California to tour GPI's printing facility and to discuss a potential employment opportunity. Blake's visit resulted in GPI's offer of employment. Over the course of several weeks, Blake and GPI negotiated mutually agreeable employment terms.

On December 11, 2000, Blake signed an employment contract and sent it to GPI via facsimile. His job responsibilities included soliciting Detroit-area business for GPI, including Detroit automotive companies. GPI says, however, that Blake obtained all of his customers from California. As a sales representative, Blake was required to travel to California and personally oversee order production and ensure customer satisfaction.

From December 2000 through December 2004, GPI says that Blake made at least 56 trips to California, spending a minimum of 417 days there. GPI provided Blake with an office and an assistant in its Los Angeles office to accommodate the large volume of business he garnered.

From 2002 through 2004, GPI says that it received complaints from several of Blake's customers, and that it received the complaints in California. Consequently, GPI removed Blake from these accounts.

In November 2004, BBDO, DaimlerChrysler's advertising agency, lodged a complaint about Blake's performance and requested that GPI replace Blake as the sales

2

representative for its account. GPI complied with BBDO's request.

On February 21, 2005, Blake tendered his resignation, citing his removal from the BBDO account as the principal reason.

### 2. Other Employment Information

GPI says that it does not earn its fees until the customer is completely satisfied with the order. It is the responsibility of the sales representatives, including Blake, to ensure customer satisfaction by personally overseeing print production. Because of the payment arrangement with its customers, GPI does not pay commissions to its sales representatives until the customer is satisfied and pays for the order. Thus, a commission is earned only if the order is shipped before the sale representative is terminated. GPI says that in spite of this it paid Blake all commissions on pending jobs for accounts that it reassigned because of customer complaints, just as though he had serviced those accounts through delivery.

### B. Procedural History

Less than one month after Blake's resignation, on March 11, 2005, GPI filed a suit in California Superior Court for the County of Los Angeles seeking a declaratory judgment as to the parties' rights under the employment contract.

On April 22, 2005, Blake removed the case to the District Court for the Central District of California on the basis of federal diversity jurisdiction.

On April 29, 2005, the district court issued an order to show cause why the case should not be remanded to state court. The order was precipitated by the district court's preliminary conclusion that the amount in controversy requirement was less than

$75,000.00 as required by 28 U.S.C. § 1332(a).[3]

On May 12, 2005, the district court remanded the case to the California state court because Blake failed to establish the amount in controversy required by 28 U.S.C. § 1332.

Four days later, on May 16, 2005, Blake filed the instant case.

Meanwhile on May 23, 2005, Blake filed a motion in the California state court dismiss the case for lack of personal jurisdiction, or in the alternative to stay or dismiss for inconvenient forum.

On June 13, 2005, GPI filed the instant motion.

On June 21, 2005, the California state court denied Blake's motion to quash on several grounds, including: (1) Blake had substantial contacts with California; (2) Blake had purposely availed himself of the jurisdiction; (3) California is not a forum non conveniens because all material witnesses except for Blake are in California, and because available technology would permit Blake to testify without appearing in court; and (4) while Michigan is an alternative forum, it is not a more appropriate or convenient one because Blake can effectively litigate his issues as counter-claims in the California case.

### C. Summary of Arguments

#### 1. GPI's Arguments

GPI makes several arguments and request several alternative forms of relief. First, GPI says that the abstention doctrine under Colorado River requires dismissal. Second,

---

[3]Specifically, the district court stated that "Defendant's statement in the Notice of Removal that 'Plaintiff's claim exceeds $75,000 because it seeks a declaration that it does not owe Defendant commissions or stock options' is wholly insufficient to establish that the amount in controversy requirement is met." Graphic Press, Inc. v. Blake, Case No. CV 05-2960 DT (PJWx) (Civil Minutes – General at 2) (Apr. 29, 2005).

4

GPI says that the Court should dismiss for lack of personal jurisdiction over GPI. GPI argues that (1) it did not purposefully avail itself of the forum jurisdiction, (2) it did not have sufficient minimum contacts with the State of Michigan, and (3) it could not reasonably anticipate being haled into court in this jurisdiction. In addition, GPI argues that California has a substantial interest in adjudicating this dispute, because the contract is governed by California state law, and because California has an interest in providing a dispute-resolution forum for companies doing business in that state. Third, GPI says that Michigan is an improper venue. GPI says that even if Blake's action was not defective for lack of diversity, a substantial part of the events giving rise to the complaint occurred in California, not Michigan. Fourth, and in alternative to dismissal, GPI argues that this case should be transferred to the Central District of California under 28 U.S.C. § 1404(a) (transfers for convenience) to prevent an unnecessary expenditure of time and money and to protect judicial economy and witness convenience. GPI says that the case finds its "center of gravity" in California, because most of the evidence and witnesses are located in California. GPI also says that Blake is the only material witness residing in Michigan and that Blake, because he has traveled repeatedly to California from 2000 to 2004, cannot now claim that traveling to California is unduly burdensome. Finally, GPI argues that at a minimum, the Court should stay this case pending the outcome of the California case under <u>Colorado River</u>.

### 2. Blake's Arguments

First, Blake says that abstention under <u>Colorado River</u> is not applicable to this case. Blake notes that for <u>Colorado River</u> to apply, the state and federal cases must be actually parallel. He argues that the cases are not actually parallel because the California case

5

seeks only a judicial interpretation of the employment contract, whereas this case seeks monetary damages and contains more issues. In addition, Blake undertakes an analysis of the eight factors, assuming Colorado River does apply, and concludes that the factors weigh in his favor.

Second, Blake says that Michigan courts have personal jurisdiction over GPI. In support, Blake says that GPI hired him, because he was a Michigan resident, to solicit business in Detroit, to open a Detroit sales office, and to conduct business with customers located in Michigan. He also says that GPI still maintains a Detroit sales office and staffs it with Michigan residents. Blake further says that GPI executives frequently travel to Michigan to meet with Michigan customers. Blake argues that these circumstances establish sufficient minium contacts with this jurisdiction, and GPI should have reasonably expected to be haled into court here.

Third, Blake says that venue is proper in this Court. He cites 28 U.S.C. § 1391(c), which states that "a defendant that is a corporation shall be deemed to reside in the any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Blake reasserts that the Court has personal jurisdiction of GPI and that under § 1391(c) GPI is deemed to reside in Michigan.

Finally, Blake says that this Court is a more convenient forum than the Central District of California. The crux of this argument is that all non-party witnesses whom Blake intends to call both are in Michigan and outside of the California court's subpoena power, and that making them travel to California is unduly burdensome. He also denies GPI's assertion that traveling to California is convenient for him because he has traveled there repeatedly. Blake says that GPI paid for his travel expenses during the course of

employment and that GPI will not pay for his travel expenses during the litigation.

## IV. Analysis

### A.

This is a simple contract dispute that the parties have made overly complex with procedural maneuvering. It seems the only proposition on which the parties agree is the need to file voluminous amounts of paper. For the reasons that follow, the Court concludes that the best course of action is to dismiss this case under the Colorado River abstention doctrine.

In short, Blake's complaint is best stated as a counter-claim to GPI's declaratory judgement action. First, California state courts have jurisdiction over Blake. The Court agrees with the California state court that it has jurisdiction over Blake because of his purposeful availment of the state as a consequence of his employment. A state court's exercise of jurisdiction is presumptively reasonable when purposeful availment of the forum is established. Roth v. Garcia Marquez, 942 F.2d 617 (9th Cir. 1991). As the California state court opined, "[Blake] has not presented a case that is compelling enough to rebut this presumption." The Court agrees. Third, and as discussed below, GPI's abstention doctrine argument is well taken.

### B.

In Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976), the United States Supreme Court affirmed the trial court's dismissal of a government suit, holding that the abstention doctrine called for deference to an earlier-filed state case. Abstention, however, is the exception; the general rule is that an earlier-filed state action is not a bar

to a federal case considering the same controversy.

Before the abstention doctrine may be invoked, the cases must be deemed parallel. The Sixth Circuit explained that exact parallelism is not required. Romine v. Compuserve Corp., 160 F.3d 337 (6th Cir. 1998). Rather, "it is enough if the two proceedings are substantially similar." Id. at 340 (internal citations omitted). In this case, the two proceedings are substantially similar because both cases seek to establish the parties' rights and obligations under the employment contract: GPI seeks a declaration of its obligations to Blake, and Blake seeks compensation for GPI's alleged failure to meet its obligations.

Having established that the abstention doctrine may be invoked in this case, the Court must consider an eight-part balancing test, under Romine. Id. at 340. The eight factors are: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) whether piecemeal litigation can avoided; (4) the order in which jurisdiction was obtained; (5) whether state or federal law governs; (6) whether the state court can adequately protect the federal plaintiff's rights; (7) the relative progress of the state and federal cases; and (8) whether concurrent jurisdiction is present. Id. at 340-341.

### 1. State Court Jurisdiction Over Any Res

As both parties concede, the California state court has not assumed jurisdiction over any res or property. Because this factor is inapposite to this case, it weighs against abstention.

### 2. Convenient Forum

This factor weighs in favor of abstention. Blake's argument that California is a more

inconvenient forum is not well-taken. As the California state court opined:

> Even though all of the non-party witnesses who may testify in this case live and work in the Detroit metropolitan area, all witnesses, with the exception of [Blake], that may testify to the dispute as currently framed are located in California..[sic] The Michigan witnesses' evaluation of [Blake's] performance might be relevant if [Blake] files a cross complaint for breach of contract or fraud. It is possible that, because this dispute hinges on the Court's interpretation of the agreements, the parties may be the only material witnesses in this dispute. <u>Even if there are out of state witnesses</u> necessitated by issues raised [by Blake, if he files a cross complaint] <u>there is available technology which may abrogate the need for witnesses to appear live in court</u>. . . .

This court agrees with the California state court that Blake has more substantial contacts with California than GPI has with Michigan. GPI is a California corporation with its principal place of business in California. Its printing operations take place entirely in California. Blake is a Michigan resident who sought out employment with a California firm and accepted employment that he knew would require frequent trips and stays in Los Angeles. In light of available telecommunications technology, requiring all material witnesses and evidence to travel from California to Michigan to accommodate the only material witness that resides in Michigan would violate traditional notions of fair play and justice under <u>International Shoe Co v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

### 3. Piecemeal Litigation

This factor weighs in favor of abstention, because there is a real danger of parallel cases with conflicting dispositions. Judicial economy counsels against litigating identical suits at the same time because of the unnecessary doubled costs in time and fees, and the expenditure of scarce judicial resources. In addition, the judiciary's reputation is at stake: "The legitimacy of the court system in the eyes of the public. . . [is] endangered by duplicative suits that . . . result in conflicting litigation." <u>Romine</u>, 160 F.3d at 341. Blake's

9

argument that because he asserts Michigan claims this Court could not render a conflicting judgment as to those claims is a red herring.  Both the California case and the instant case are fundamentally a contract dispute; the way in which Blake frames his counter-claims does not alter that reality.  Simply because one state permits an alternative or additional cause of action does not change the substantive nature of the case.

### 4.  The Order Jurisdiction was Obtained

This factor weighs in favor of abstention.  Only the rare instance of bad faith, forum shopping, or the like will justify a departure from the general rule that the court which first gains jurisdiction of the controversy must decide it.  Shatterproof Glass Corp. v. Battelle Mem'l Inst., 1990 U.S. Dist. LEXIS 18389 (E.D. Mich. Dec. 14, 1990).  GPI filed for declaratory judgment in California state court under state law.  Consequently, the California state court is in the better position to adjudicate whether GPI properly brought the declaratory action.

### 5.  Source of Governing Law

This factor weighs in favor of abstention.  The employment contract states that it will be interpreted under California law.  There is no evidence of anything less than arms-length bargaining by the parties for that provision.  As the California state court wrote:

> The court finds that California has an interest in adjudicating this dispute because California law governs the agreements.  California also has a substantial interest in providing a forum for companies that do business within the state, and because [Blake's] actions had an impact in California.  California is the most efficient forum because California courts can most efficiently apply California law.

The Court agrees with the California state court.  State courts have a substantial interest in adjudicating matters of state law.  California already has jurisdiction over this dispute,

and the parties agreed the contract would be interpreted by state law.

### 6. Adequacy of State Case

This factor also weighs in favor of abstention. First, it is unreasonable to believe that the California court cannot competently adjudicate a state law claim. Both of the parties' claims can be adequately addressed in the state court. GPI's claims will be adjudged in the declaratory action, and Blake is free to seek damages through a counter-claim.

### 7. Progress of the Cases

This factor weighs against abstention. Both this case and the case in California state court are in their infancy. According to the record, the California state case was filed on March 11, 2005, and this case was filed on May 16, 2005. Because both cases were recently filed, this factor is in Blake's favor.

### 8. Concurrent Jurisdiction

This factor weighs in favor of abstention. There is no exclusive federal jurisdiction in this case, because there are no federal claims. There also is no concurrent jurisdiction, because the Central District of California already has determined that the amount in controversy is less than $75,000.00. Because Blake already had an opportunity to fully litigate the issue and the federal court in California already issued a final order, Blake is estopped from claiming the minimum amount in controversy satisfies diversity.

### V. Conclusion

On balance, the <u>Romine</u> balancing test weighs in favor of abstention, because only two of the eight factors are in Blake's favor. Blake should present his claims in the form of a counter-claim in California state court.

Although GPI asks that the Court dismiss the case, the Court of Appeals for the Sixth Circuit has held that a stay of proceedings, rather than a dismissal, is appropriate under Colorado River.  See Bates v. Van Buren Township, 122 Fed. Appx. 803 (6th Cir. Dec. 6, 2004) (unpublished).  While entering a stay in this case may be exalting form over substance as it is anticipated that Blake will file his claims as counter-claims in the California state court where they will be resolved, the Sixth Circuit requires a stay. However, the Deputy Clerk is directed to administratively close this case for statistical purposes.  Should Blake need to return to the Court after the conclusion of the California state court case, he shall file an appropriate motion to lift the stay.

SO ORDERED.

Dated:  July 27, 2005

 s/Avern Cohn 
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 27, 2005, by electronic and/or ordinary mail.

 s/Julie Owens 
Case Manager, (313) 234-5160